# United States District Court
# Central District of California

| | |
|---|---|
| DEMARIO JONES, | Case No. 2:19-cv-08429 ODW(JCx) |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS [22] [25] |
| FEDERAL EXPRESS CORPORATION, et al.; | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Demario Jones seeks to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. (Mot. to Remand ("Mot."), ECF No. 22.) Jones argues that Defendants Federal Express Corporation ("FedEx"); FedEx Corporate Services; Michael Caron ("Caron") (erroneously named ("Michael Carona")); and Sandra Garcia Mead ("Garcia Mead") (collectively, ("Defendants")) failed to establish diversity jurisdiction under 28 U.S.C. § 1332, because Caron and Garcia Mead destroy complete diversity. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand ("Motion") (ECF No. 22) and therefore, **DENIES as moot** Defendants' Motion to Dismiss (ECF No. 25).[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Jones's claims arise from the termination of his employment. (*See* First Am. Compl. ("FAC") ¶¶ 33-34, ECF No. 16.) Jones filed this action in Los Angeles County Superior Court alleging against all Defendants: (1) racial discrimination in violation of California Government Code section 12940 et seq.; (2) retaliation in violation of California Government Code section 12940 et seq.; (3) failure to prevent discrimination and retaliation in violation of California Government Code section 12940 et seq.; and (4) wrongful termination in violation of public policy. (Notice of Removal ("Notice") 3, ECF No. 1.) Jones also alleges two causes of action against individual Defendants Caron and Garcia Mead for (5) intentional infliction of emotional distress ("IIED"); and (6) defamation. (Notice 3.) Jones is a citizen of California (FAC ¶ 9); while, FedEx and FedEx Corporate Services are both citizens of Delaware and Tennessee (Notice 5); and Caron and Garcia Mead are each citizens of California. (Notice 6.)

Jones alleges he was hired in August 2005 as a handler, and eventually promoted to customer service agent ("CSA"). (FAC ¶¶ 16–17.) Jones alleges that in his over ten years at FedEx, he was a hard worker in one of the busiest locations and never reported for disciplinary action. (FAC ¶¶ 16–17.)

Jones, an African American, alleges that he experienced continuous racial discrimination between August 2014 and August 2017. (FAC ¶ 18.) He claims that Caron made racists remarks directed at him and treated him disparately from his White colleagues. (FAC ¶¶ 18–28.) Jones specifically alleges Caron: (1) claimed he was the "master of this place"; (2) stated Jones would "scare" or "frighten" customers when wearing the company issued jacket with the hood up but never made such comments to other colleagues; (3) forced Jones to work the hardest and heaviest assignments, without rotating between other CSAs—as was company policy—or allowing him to have an assistant, as other White employees had; and (4) prevented Jones from taking breaks on site, wearing earrings, leaving tattoos exposed, and

growing his hair out, although such behavior was tolerated for White and Hispanic employees. (FAC ¶¶ 18–28.) Jones further alleges that he was terminated as a result of racial discrimination. (FAC ¶ 34.)

On August 15, 2019, Jones commenced this action in Los Angeles County Superior Court. (Notice 2–3.) Defendants removed the action to this Court on September 30, 2019, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Notice 1.) On October 15, 2019, Jones filed the instant motion to remand the action. (Mot.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

This case turns on the existence of complete diversity. Defendants argue that Caron and Garcia Mead, California citizens, were fraudulently joined for the purpose of destroying diversity, and should therefore be disregarded. (Notice 6–7.)

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016) (citing *McCabe v. General Food Corp.*, 811 F.2d 1336 (9th Cir. 1987)). When a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," fraudulent joinder exists. *Id.* Consequently, a defendant "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Instead, the defendant must demonstrate "there is no possibility that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant." *Id.* (emphasis added); *see Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").

Furthermore, a defendant must prove fraudulent joinder through clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This may be done by "piercing the pleading" to consider summary judgment-type evidence like affidavits and depositions. *Morris*, 236 F.3d at 1068. Still, any ambiguity of law should be resolved in favor of the plaintiff. *Hamilton Materials, Inc.*, 494 F.3d at 1206.

Here, Defendants argue that claims for IIED occurring within the employment context are preempted by the California Workers' Compensation Act. (Opp'n to Mot.

("Opp'n") 12–13, ECF No. 29.) Generally, "claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013); Cal. Lab. Code § 3601(a) ("[T]he right to recover such compensation, pursuant to the provisions of this division is . . . the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment. . . .")

However, "a claim is not barred by Workers' Compensation Act when: (i) the employer's conduct contravenes public policy, or (ii) the employer's conduct exceeds the boundaries of the inherent risks of the employer-employee relationship." *Walker v. Avis Rent A Car Sys., LLC*, No. LA:CV-15-0124-1JA-KASx, 2015 WL 13752943, at *4 (C.D. Cal. July 6, 2015).

Consequently, courts have routinely found discrimination to exceed the boundaries of inherent risks associated with the employer-employee relationship. In *Walker*, plaintiff was severely injured on the job and claimed IIED against her managers for refusing to provide work accommodating her disability. *Walker*, 2015 WL 13752943 at *1–2. Defendants' argued that the IIED claims were preempted by the Workers' Compensation Act; however, the court disagreed, emphasizing that "a finding that discrimination is a risk inherent in the employer-employee relationship would be problematic given the efforts made over the past several decades to eliminate such conduct from the workplace." *Id.* at *5; *see also Barsell v. Urban Outfitters, Inc.*, No. CV-09-02604-MMM-RZx, 2009 WL 1916495, at *4 (C.D. Cal. July 1, 2009) ("Because this claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar [Plaintiff's] claim.")

Clearly, Jones's allegations against Caron concerning his earrings, hairstyle, and tattoos are managerial decisions that would fall under the Workers' Compensation Act exclusive remedy provision. *Onelum*, 948 F. Supp. 2d at 1054. However, Jones's allegations that Caron made racially charged statements, prevented Jones from having an assistant when White employees were permitted one, and consistently assigned Jones the toughest jobs without rotating between other CSAs demonstrate potentially discriminatory conduct. *See Macias v. Levy Premium Foodservices Ltd. P'ship*, No. 2:14-CV-09220-SVW-PLA, 2015 WL 12747900, at *3 (C.D. Cal. Feb. 12, 2015) (IIED claim arising from discriminatory statements based on plaintiff's race and sex not preempted by Workers' Compensation Act.) Thus, because discrimination is not a risk inherent in the employer-employee relationship, there is a non-fanciful possibility Jones may have a claim for IIED based on the allegedly discriminatory misconduct by Caron in the workplace. *Walker*, 2015 WL 13752943 at *5.

Defendants additionally ague that Jones's allegations are insufficient to support an IIED claim against Caron and Garcia Mead. (Opp'n 13.) Specifically, they contend that Jones failed to allege conduct that is extreme or outrageous. (Opp'n 14.)

California allows recovery for IIED claims based on conduct "so extreme and outrageous as to go beyond all possible bound of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Onelum*, 948 F. Supp. 2d at 1053. In *Onelum*, plaintiff's allegations that defendant-employer mocked his Nigerian accent and regularly threatened to terminate him was sufficient to plead extreme and outrageous behavior for his IIED claim. *Id.* Here, Jones similarly alleges instances in which Caron made racially insensitive comments targeting his African American ethnicity, which may be sufficient to plead the extreme and outrageous element of an IIED claim. (FAC ¶¶ 18–23.)

Furthermore, defendants carry the burden of establishing that a plaintiff could not cure the deficiencies in his Complaint by amending it. *Rangel*, 200 F. Supp. 3d at 1033. Thus, even if Jones's Complaint failed to sufficiently state a claim for IIED,

Defendants have not met their burden of establishing that Jones is unable to amend his complaint to include additional facts that properly state a claim. Thus, the Court finds that Jones may bring an IIED claim against Caron, destroying diversity. Accordingly, the Court **GRANTS** the motion to remand on this basis.[2]

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Jones's Motion to Remand and **DENIES as moot** Defendants' Motion to Dismiss. (ECF Nos. 22, 25.) This action shall be remanded to the Los Angeles County Superior Court, 111 North Hill Street, Los Angeles, CA 90012. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

February 4, 2020

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[2] Since the Court finds that the IIED claim destroys diversity, it declines to assess whether Jones's Defamation claim is adequately raised.